IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROGRESSIVE STERILIZATION, )<br>LLC, A Florida Limited Liability )<br>Company, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TURBETT SURGICAL LLC, a )<br>Delaware Limited Liability Company )<br>and ROBERT TURBETT, )<br>individually, )<br>)<br>Defendants. ) | Civ. No. 19-627-CFC |

## MEMORANDUM ORDER

Pending before me are Defendants' objections (D.I. 46) to the Magistrate Judge's Report and Recommendation issued on April 13, 2020 (D.I. 45). The Magistrate Judge recommended in his Report and Recommendation that I deny in part and grant in part Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) the Fourth through Thirteenth causes of action in the First Amended Complaint (D.I. 21). I have reviewed the Report and Recommendation, the objections, and Plaintiff's response (D.I. 50).

The Magistrate Judge recommended that I grant the motion to dismiss insofar as it seeks to dismiss the Fifth, Sixth, Seventh, and Ninth causes of action and that I deny the motion insofar as it seeks to dismiss the Fourth, Eighth, Tenth,

Eleventh, Twelfth, and Thirteenth causes of action. D.I. 45 at 20. The Magistrate Judge had the authority to make his findings and recommendations under 28 U.S.C. § 636(b)(1)(B).

Defendants object to the Magistrate Judge's findings and recommendations with respect to the Fourth, Eighth, Tenth, and Eleventh causes of action. I review his findings and recommendation *de novo*. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

The Magistrate Judge rejected Defendants' argument that the Eighth (breach of contract) and Tenth (unjust enrichment) causes of action were barred by Delaware's three-year statute of limitations. D.I. 45 at 6–7. I agree with the Magistrate Judge's determination that the wrongful use of Plaintiff's Confidential Information and Trade Secret Technology alleged in paragraphs 182 and 196 of the First Amended Complaint in support of these claims could plausibly be inferred to have occurred after April 3, 2016. For that reason, I agree with and will adopt the Magistrate Judge's finding that Defendants failed to meet their burden to establish that these causes of action, which were filed on April 3, 2019, are barred by the three-year statute of limitations.

The Magistrate Judge also rejected Defendants' argument that Plaintiff's trade secret misappropriation claims alleged in the Fourth and Eleventh causes of

2

action were time-barred. D.I. 45 at 7–10. Defendants argued before the Magistrate Judge and reiterate in their objections that Plaintiff was on inquiry notice of its misappropriation claims "when it discovered Defendants' patent filings regarding their competing sterilization cabinet." D.I. 46 at 1. I agree, however, with the Magistrate Judge's determination that the patent filings by themselves do not make clear that Plaintiff knew or, by the exercise of reasonable diligence, should have discovered before April 3, 2016 that Defendants had misappropriated Plaintiff's trade secrets. D.I. 45 at 9. Accordingly, I agree with and will adopt the Magistrate Judge's finding that Defendants failed to meet their burden to establish that these causes of action, which were filed on April 3, 2019, are barred by the three-year statute of limitations.

Defendants fault the Magistrate Judge for "mistakenly conclud[ing]" that Defendants abandoned two arguments with respect to the trade secret misappropriation claims by not addressing the arguments in their reply brief. D.I. 46 at 9–10. The two arguments are, in Defendants' words, "(1) that Plaintiff failed to allege how its trade secrets were misappropriated, and (2) that Plaintiff's federal claim is barred because it is based on conduct that took place prior to the enactment of the [Defense of Trade Secrets Act]." *Id.* at 9.

Defendants "respectfully request [my] consideration of these alternat[ive]

3

grounds for dismissal," but they make no effort in their objections to expound either argument. *Id.* at 10. They similarly failed to expound the arguments when they presented them in the first instance to the Magistrate Judge. That failure explains why the Magistrate Judge concluded that Defendants "abandoned" the arguments when, "after Plaintiff pushed back on these issues in its answering brief, Defendants did not further address the issues in their reply brief." D.I. 45 at 10–11 n.8.

I agree with Defendants that the failure to address in a reply brief an argument that was raised in the opening brief does not constitute a waiver of that argument. Our Local Rules do not require a reply brief and they prohibit a party from repeating in a reply brief the same arguments raised in the opening brief. Del. L. R. 7.1.2. But as a practical matter, when, as in this case, a party merely states an argument in conclusory fashion in its opening brief and then files a reply brief but does not contest in that brief the specific rebuttal points made in the answering brief, a court may rightly conclude that the party implicitly conceded those points. Failure to contest the rebuttal points in such circumstances is "not necessarily a waiver, but it is a risky tactic, and sometimes fatal." *Law v. Medco Research, Inc.*, 113 F.3d 781, 787 (7th Cir. 1997); *see also Hardy v. City Optical Inc.*, 39 F.3d 765, 771 (7th Cir. 1994) (stating that the failure to respond in a reply

4

brief to a point made in an answering brief "waives, as a practical matter anyway, any objections not obvious to the court to specific points urged" in the answering brief). Under the circumstances present here—where Defendants' opening brief inundated the Magistrate Judge with arguments, a number of which were conclusory—I do not fault the Magistrate Judge for finding that Defendants implicitly conceded the two arguments in question by failing to counter in the reply brief the specific points of rebuttal Plaintiffs made to those arguments in the answering brief. As the Court noted in *Hardy*, "[i]n an adversary system, in which by its nature judges are heavily dependent on the lawyers to establish the facts upon which decision will be based, the failure to reply to an adversary's point can have serious consequences." 39 F.3d at 771.

Finally, I reject Defendants' contention that the Magistrate Judge erred by declining to consider Defendants' argument that Plaintiff's unjust enrichment claim (the Tenth cause of action) should be dismissed "as duplicative of Plaintiff's trade secret misappropriation claim." D.I. 46 at 10. Defendants raised that argument for the first time in their reply brief and the Magistrate Judge appropriately refused to consider it. *See In re Fosamax (Alendronate Sodium) Prods. Liab. Litig (No. II)*, 751 F.3d 150, 157 (3d Cir. 2014) ("We have consistently held that [a]n issue is waived unless a party raises it in its opening

5

brief ....") (first alteration in original) (internal quotation marks and citation omitted).

WHEREFORE, on this 10th day of June in 2020, IT IS HEREBY ORDERED that:

1. Defendant's Objections to the Magistrate Judge's Report and Recommendation (D.I. 46) are OVERRULED;

2. The Report and Recommendation (D.I. 45) is ADOPTED;

3. Defendant's motion to dismiss (D.I. 21) is GRANTED IN PART AND DENIED IN PART; and

4. The Fifth, Sixth, Seventh, and Ninth causes of action in the First Amended Complaint (D.I. 1) are DISMISSED.

_____
UNITED STATES DISTRICT JUDGE