# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROGRESSIVE STERILIZATION, LLC, a Florida Limited Liability Company,<br><br>      Plaintiff,<br><br>v.<br><br>TURBETT SURGICAL LLC, a Delaware Limited Liability Company, TURBETT SURGICAL, INC., a Delaware corporation, and ROBERT TURBETT, individually<br><br>      Defendants.<br>_____<br><br>TURBETT SURGICAL LLC and TURBETT SURGICAL, INC.,<br><br>      Counter-Plaintiffs,<br><br>v.<br><br>PROGRESSIVE STERILIZATION, LLC and PMBS, LLC,<br><br>      Counter-Defendants. | C. A. No: 19-627-CFC-CJB<br><br>**Filed Under Seal** |

## PLAINTIFF'S OPENING LETTER BRIEF TO MAGISTRATE JUDGE BURKE RE: MOTION TO COMPEL DEFENDANTS TO RESPOND TO DISCOVERY

OF COUNSEL
David C. Bohrer (*pro hac vice*)
Francois deVilliers (*pro hac vice*)
Rachel Thomas (*pro hac vice*)
GREENFIELD LLP
55 S. Market Street, #1500
San Jose, CA 95113
dbohrer@greenfieldlaw.com
Phone: (408) 995-5600

November 5, 2020

Patricia Rogowski (Del. Bar No. 2632)
ROGOWSKI LAW LLC
501 Silverside Road, Suite 11
Silverside Carr Executive Center
Wilmington, DE 19809
pat@rogowskilaw.com
Phone: (302) 893-0048

*Attorneys for Plaintiff and Counter-Defendant Progressive Sterilization, LLC and Counter-Defendant PMBS, LLC*

i

Dear Judge Burke:

  In accordance with the Court's Oral Orders (D.I. 92 and 96), Plaintiff and Counter-Defendant Progressive Sterilization, LLC ("Progressive") submits this letter brief in support of its Motion to Compel Defendants and Counter-Plaintiffs Turbett Surgical LLC and Turbett Surgical, Inc. (collectively "Turbett Surgical") and Defendant Robert Turbett ("Mr. Turbett") (collectively, Turbett Surgical and Mr. Turbett are referred to as "Defendants") to respond to outstanding discovery requests. Provided with this letter is an index of the propounded discovery (Exs. A-D), the inadequate responses (Exs. E-G), and extensive meet and confer communications and supporting documents (Exs. H-N).

  This litigation is between competitors in the new market to supply hospitals with mobile systems for sterilizing multiple trays of surgical instruments. D.I. 90, ¶¶1, 8 & 9.[1] Progressive owns the foundational SCORES technology and related improvements which it implements and sells in a system called the CUBE or the SteriCUBE System. ¶73. Mr. Turbett initially promoted SCORES technology for Progressive's predecessor, AmMed Surgical Equipment, LLC ("AmMed"). ¶¶5, 32 & 34. Mr. Turbett left AmMed, founded Turbett Surgical, and began selling a competing system called the POD or Turbett Instrument Container System. ¶¶8, 75. Following motions practice at the pleading stage, the operative claims are: 1) patent infringement (Counts I-III); 2) trade secret misappropriation under the Delaware Uniform Trade Secrets Act (Count IV) and the Defend Trade Secrets Act (Count XI); 3) breach of contract (Count VIII) and related claims for quasi contract/unjust enrichment (Count X); and 4) false or misleading advertising under the Lanham Act (Count XII) and Delaware Uniform Deceptive Trade Practices Act (Count XIII).

  For months, Defendants have dragged their feet instead of timely responding to written discovery served over three months ago on July 28, 2020. Except for the token production of less than 0.16 GB of records, Defendants have not produced any documents. Without any reasonable justification, Defendants have given themselves a de facto extension of time to begin producing documents as well as a 6-7 month period within which to complete their document production. *See*, *e.g.*, Ex. G, RFP 2. Moreover, Defendants' general objections and written responses to interrogatories and document requests are untenable. Defendants should be compelled to correct or supplement their responses as follows:

  1. <u>Defendants' proposed rolling production up through the April 2, 2021 deadline to complete all document production is unreasonable [Defs' RFPs 2, 3, 5-22, 24-34, 36-70, 72-80, 82-94, 105-111]</u>: Rule 34(b)(2)(B) provides that, "[t]he production must . . . be completed no later than the time for inspection specified in the request or another **reasonable time** specified in the response" Fed. R. Civ. P. 34(b)(2)(B) (emphasis added). Progressive should not be forced to wait over eight months to receive the requested discovery. *See*, *e.g.*, Ex. G, RFP 2. As of the hearing of this discovery dispute, which is focused on Progressive's first set of discovery, Progressive will have less than four months to complete document discovery and less than seven months to complete all discovery. Waiting in the wings is Progressive's <u>second</u> set of document

---

[1] References to "¶ ___" are to paragraphs in the Second Amended Complaint ("SAC"), D.I. 90.

requests served October 14, 2020. Documents must be collected immediately to use in depositions of percipient witnesses (all of which still need to be taken) and to inform experts. Progressive requests that the Court order the *completion* of document production by Defendants for the currently outstanding requests by mid-December (which gives Defendants a three month period, mid-October to mid-December, to complete the staged production of documents requested five months earlier). *See Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*, 2017 U.S. Dist. LEXIS 176307, at *4 (S.D. Cal. Oct. 20, 2017) (ruling that rolling production encompassing 76,000 records and 30 GB should be completed within approximately two months of defendant's written responses to first and second set of document requests).

2.  <u>Defendants' definition of the relevant technology ("Mobile Sterilization Systems") is unduly narrow [relevant TS GO ¶5; Defs' GO ¶12; Defs' RFPs 1-3, 5-10, 12-15, 21, 22, 24, 25, 29-31, 45-57, 64, 65, 72, 74, 75, 105-107; TS Rogs 2, 3, 4 and 5]</u>: Progressive seeks discovery regarding "Mobile Sterilization Systems" for purposes of determining Defendants' products and methods that may be covered by Progressive's patents, trade secrets or other confidential information. Defendants propose to limit the scope of Mobile Sterilization Systems to "its *rigid containers* for use in sterilization of instruments known as the 'Turbett Surgical Containers' and/or the 'Instrument PODs'." *See, e.g.,* Ex. G, GO ¶12 (emphasis added). Defendants' definition unduly narrows the scope of alleged accused products to exclude apparatus such as the carts used to transfer the containers between the operating room and sterile processing departments, and excludes entirely the methods for mobile transportation and sterilization of multiple trays of surgical instruments. *See*, *e.g.*, ¶¶46, 84 & 85. Progressive is thereby denied complete discovery on products and methods infringing its patents or misappropriating its trade secrets or confidential information.

Consistent with the scope of its claims and infringement contentions, Progressive proposed that the definition of Mobile Sterilization Systems "shall refer to an apparatus, product, device, process, method, act or other instrumentality for mobile sterilization systems for sterilizing surgical instruments in a cabinet and components for use therewith." Ex. J, Bohrer 9/30/20 email, ¶2. Defendants profess confusion, yet they <u>stipulated to using substantially the same definition </u>in the prosecution bar contained in the Stipulated Confidentiality Order. D.I. 81, ¶10 ("Absent written consent from the producing party, any person who receives access to Attorneys' Eyes Only information shall not be involved in the prosecution of patents or patent applications *relating to methods and apparatus for mobile sterilization systems for sterilizing surgical instruments in a cabinet and components for use therewith."* (emphasis added); *see also id*., ¶¶10(b) and (c) (repeating the same definition).

3.  <u>Turbett Surgical should be compelled to disclose accused systems that are planned or scheduled to occur in the future [TS Rog 2]</u>: Turbett Surgical objects to Interrogatory 2 as "seek[ing] a description of any Mobile Sterilization System Turbett Surgical makes, uses, sells, offers for sale, or imports 'in the future.'" Ex. E, Rog 2; Ex. I, ¶7. However, Turbett Surgical may infringe by engaging in product development and planning even if this activity stops short of a release for commercial sale. *See* 35 U.S.C. § 271(a) (prohibiting the making or using of an infringing product). Moreover, discovery of Turbett Surgical's future non-commercialized Mobile Sterilization Systems is reasonably likely to lead to evidence relevant to Progressive's infringement claims. Fed. R. Civ. P. 26(b)(1). This Court ordered discovery of a

defendant's future products for the same reasons in *Bigband Networks, Inc. v. Imagine Communs., Inc.*, 2010 U.S. Dist. LEXIS 72740, at *3-5 (D. Del. July 20, 2010), and should do the same in the present case.

4. Defendants improperly cut-off responsive discovery as of December 2019 [TS GO ¶11; RT GO ¶10; Defs' GO 2]: Defendants objected to discovery post-dating the commencement of the litigation on April 3, 2019. Ex. E, ¶11; Ex. F, GO ¶10; Ex. G, GO ¶2. They softened this stance somewhat by agreeing to extend the cut-off date to the date of their ESI collection in December 2019. Ex. J, Wadsworth 10/4/20 email, ¶4. The date the initial complaint was filed (or the ESI data collected) is not an appropriate limit on this scope of discovery. Progressive seeks discovery on the continuing activity of Defendants, including patent infringement, ¶¶90, 92, 105 & 119, misappropriation by disclosure or use of trade secrets and confidential information, ¶¶137-138 & 209, and false and deceptive advertising, ¶¶247-253. Likewise, Defendants' purported defense of the false advertising claims is that the FDA allegedly cleared Defendants' products for the claimed uses, *see* D.I. 67, ¶244, apparently referring to the 510k premarket notification dated April 30, 2020 (a full year <u>after</u> this lawsuit was filed). Defendants' objection should therefore be denied as contrary to the scope of discovery permitted by Rule 26(b)(1). *PhishMe, Inc. v. Wombat Sec. Techs., Inc.,* 2017 U.S. Dist. LEXIS 150862, at *5 (D. Del. Sep. 18, 2017) ("26(b)(1) permits, with certain limits, 'discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]'").

In addition, Rule 26(e) imposes on Defendants the duty to supplement their responses, which extends to documents acquired or created after the original discovery responses. *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 76 (W.D.N.Y. 2011). Defendants' purported cut-off of discovery should be denied because it has the effect of excusing compliance with Rule 26(e) and avoiding the exclusion sanctions that typically flow from a failure to provide Rule 26(e) information. *Pers. Audio, LLC v. Google LLC*, 2019 U.S. Dist. LEXIS 49699, at *1-2 (D. Del. Mar. 19, 2019).

5. Mr. Turbett improperly refuses to respond to interrogatories directed to activities other than what he did in his "individual and personal capacity" [RT Rogs 3, 4 and 5]: This objection misconstrues Mr. Turbett's duties under Fed. R. Civ. P 33(a), which requires him to provide all information within his knowledge, possession or control. *Thompson v. Sosa*, 2006 U.S. Dist. LEXIS 112178, at *9 (S.D. Cal. Feb. 13, 2006) (citations omitted). Mr. Turbett implicitly acknowledges that he has a duty to reasonably investigate and provide all information within his knowledge or that of persons under his control by purporting to verify his answers pursuant to Fed. R. Civ. P. 26(g). RT Rogs 3, 4 and 5 relate to the identification, instructions for use and testing of allegedly infringing or misappropriating products and methods. They are being used "to flesh out a pattern of facts already known to a party relating to an issue necessarily in the case" and are therefore relevant. *Tessera, Inc. v. Broadcom Corp.*, 2017 U.S. Dist. LEXIS 178929, at *4 (D. Del. Oct. 24, 2017).

6. Defendants improperly refuse to produce certain emails sent to or received from penturbett@aol.com, the email account used by Mr. Turbett while he was promoting the mobile sterilization technology of AmMed and its successor Progressive [Defs' RFP 71]: Mr. Turbett admits that he promoted AmMed technology and products between 2011 through 2013. D.I. 67,

3

¶¶5, 7 & 32. Defendants have identified this email account as a custodial source and they agree to search this account for responsive information for the period 2009 (the year AmMed was founded) up through the commencement of the litigation. Ex. N, Wadsworth 10/9/20 email. Defendants also agree to produce penturbett@aol.com emails and attachments that relate to SCORES units or other mobile sterilization systems. Ex. G, ¶72.

Defendants cannot be permitted to exclude emails sent to or received by penturbett@aol.com to the specific companies and person listed in RFP 71. All companies or persons listed are reasonably believed to be sources of information regarding AmMed's (and now Progressive's) proprietary technology. As reflected in the allegations in the complaint, *see* ¶¶3-5, 32-50, or in Progressive's initial disclosures, *see* Ex. K, ppg. 3-8, Mr. Turbett was communicating with or had access to these sources during his relationship with AmMed. This discovery is therefore directly relevant to Progressive's claims for misappropriation of trade secrets and breach of NDA, including Mr. Turbett's access to confidential information, the propriety of this access and any improper use or disclosure of this confidential information. *See Eastman Chem. Co. v. AlphaPet Inc.*, 2011 U.S. Dist. LEXIS 127757, at *30 (D. Del. Nov. 4, 2011) (reviewing the need in trade secret cases to allege and prove a "specific illicit pathway . . . through which confidential information flowed").

7.  <u>Defendants improperly refuse to produce emails exchanged with knowledgeable witnesses [Defs' RFPs 95, 96, 98-101]</u>: Defendants improperly refuse to produce emails exchanged with key participants in the development, clearance and promotion of AmMed's SCORES technology, including potential licensees (Mike Miller/Stryker, RFP 95), sales reps (Joe Brown and Tom Plis, RFPs 96 and 98), FDA consultant (Barbara Bowen, RFP 99) and Farm Design consultants on human factors testing (Rachel Rosenberg and Beth Loring, RFPs 100 & 101). These communications are expressly pled in the SAC, *see* ¶¶44 (Stryker), 50 (Joe Brown (see also Ex. K)), 37 (Tom Plis), 41 Farm Design (*see* also alleged human factors testing trade secret ¶46d(7))), except for those with FDA consultant Barbara Bowen, who consulted on development of IFU trade secrets (see alleged IFU trade secret ¶46c). Not only did these communications overlap with Mr. Turbett's tenure at AmMed, but in most instances he is expressly linked to the communications, *see* ¶¶44 (Stryker), 50 (Joe Brown), 37 (Tom Plis), and 41 (Farm Design). All of these emails, their custodians and their subject matter are also described in Progressive's Rule 26a disclosures. Ex. K, ppg. 3-8. For the reasons discussed in the preceding section, this discovery is directly relevant to the "pathways" by which Mr. Turbett accessed and then misappropriated AmMed's (and now Progressive's) trade secrets and proprietary business information.

8.  <u>Defendants improperly refuse discovery of Turbett Medical [RFPs 103 and 104]</u>: Mr. Turbett promoted SCORES technology from 2011-2013. ¶¶5, 31-32, 45. Mr. Turbett believed that he and his partner Joe Brown (¶50) were providing these services through their company, Turbett Medical. As part of the meet and confer process, Progressive shared an email from Mr. Turbett to AmMed dated February 26, 2012 that is representative of the bases for this understanding. Ex. L, Mr. Turbett 2/26/13 email. Discovery regarding Turbett Medical is therefore directly relevant to Mr. Turbett's acquisition of AmMed trade secrets and confidential information as well as any unauthorized disclosure or use of this information by Mr. Turbett or his company(ies). Defendants therefore should be required to produce documents sufficient to

4

show Turbett Medical's formation and corporate structure (RFP 103) and documents relating to communications between Turbett Medical, on the one hand, and AmMed and its founders (Barry and Clarence Snyder), on the other hand (RFP 104).

9. <u>Defendants should be compelled to produce documents sufficient to describe persons skilled in the art [Defs' RFP 17]</u>: This discovery is relevant to both Defendants' invalidity contentions, 35 U.S.C. §§282, 103, and proposed claim construction, *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-1313 (Fed. Cir. 2005). As proposed during the M&C dialog, Defendants should be required to produce these documents by the earlier of any submission by Defendants of expert testimony on claim construction or Defendants' expert reports.

10. <u>Defendants refuse to produce a privilege log in a timely fashion [RT GO ¶5; TS GO ¶6; TS and RT Rogs 1 and 6; Defs' GO ¶1; Defs' RFPs 21-23, 26-28, 35]</u>: It is well-established that when a party withholds otherwise discoverable information by claiming that the information is privileged or otherwise protected, "the party must . . . 'describe the nature of the documents, communications, or tangible things not produced or disclosed- *and do so in a manner that . . . will enable other parties to assess the claim.*'" *Hart v. Nationwide Mut. Fire Ins. Co.*, 270 F.R.D. 166, 169 (D. Del. July 20, 2010), *citing* Fed. R. Civ. P. 26(b)(5)(A) (emphasis added). Defendants did not submit a privilege log with their responses, and when Progressive asked them to do so, they responded that "[n]o privilege log will be forthcoming until some time after document production," which, they say, will occur over the next five months. *See*, *e.g.*, Ex. G, RFP 2. Progressive requests that the Court order Defendants to produce a privilege log within 45 days of this hearing. Progressive is entitled to see a privilege log to assess the reasonableness of such privilege claims, and to have the privilege log available when deposing witnesses.

11. <u>Defendants' objection to ESI search terms</u>: Defendants should be compelled to apply the additional search terms requested by Progressive, *see* M (Oct. 15, 2020 track changes to Sept. 30, 2020 letter), to the ESI of the Defendants' three disclosed custodians. While the additional terms number more than the 8 allowed under Stipulated Default ESI Order, D.I. 82, ¶3.a.ii., Progressive has engaged in a serious effort to develop a mutually acceptable enlargement of the limits on search terms, including four separate proposals, each subsequent proposal narrowing the last. Ex. M, cmt DB1; Ex. N. Good cause exists to exceed the limit on additional search terms. With one exception, all of these terms are directed to discovery of the "illicit pathway" by which Defendants accessed and misappropriated trade secrets and confidential information. The exception is "McGrath* /p POD or Pod," which relates to false advertising claims based on the dissemination of the McGrath Study. ¶¶248-251. As evidenced by the discussion of the McGrath term, all of the terms can be connected directly to allegations of misconduct in the SAC, thereby demonstrating the high importance of this discovery to issues at stake in the case.

For the reasons stated herein, Progressive requests that the Court compel the above discovery, as more specifically provided in the accompanying draft proposed order. To the extent deemed appropriate by the Court, Progressive requests an award of its reasonable attorney's fees and costs incurred in filing this Motion pursuant to Fed. R. Civ. P. 37(d).

                                      Respectfully submitted,

Dated: November 5, 2020            By: _____
                                      Patricia Rogowski (Del. Bar No. 2632)
                                      ROGOWSKI LAW LLC

cc: Counsel of Record (by CM/ECF and e-mail with Exhibits)

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on November 5, 2020 she caused the foregoing to be served by electronic mail on counsel of record.

/s/ Patricia S. Rogowski

ROGOWSKI LAW LLC
Patricia Smink Rogowski (Bar ID No. 2632)
501 Silverside Road, Suite 11
Silverside Carr Executive Center
Wilmington, DE 19809
(302) 893-0048
pat@rogowskilaw.com

Attorney for Progressive Sterilization, LLC
and PMBS, LLC

1

PH\55912.5