# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROGRESSIVE STERILIZATION, LLC, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 19-627-CFC-CJB |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| TURBETT SURGICAL LLC, TURBETT ) | **PUBLIC VERSION** |
| SURGICAL, INC., and ) | |
| ROBERT TURBETT, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| TURBETT SURGICAL LLC, and TURBETT ) | |
| SURGICAL, INC., ) | |
| ) | |
| Counter-Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| PROGRESSIVE STERILIZATION, LLC and ) | |
| PMBS, LLC, ) | |
| ) | |
| Counter-Defendants. ) | |

## LETTER TO THE HONORABLE CHRISTOPHER J. BURKE

OF COUNSEL:

Erika N.D. Stanat
Jeffrey A. Wadsworth
HARTER SECREST & EMERY LLP
1600 Bausch & Lomb Place
Rochester, NY 14604
Tel: (585) 232-6500

Lauren R. Mendolera
HARTER SECREST & EMERY LLP
50 Fountain Plaza, Suite 1000
Buffalo, NY 14202
Tel: (716) 853-1616

Dated: June 4, 2021
PUBLIC VERSION June 11, 2021
7233177 / 49228

David E. Moore (#3983)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendants/Counter-Plaintiffs
Turbett Surgical LLC, Turbett Surgical, Inc.,
and Defendant Robert Turbett*

Dear Magistrate Judge Burke:

Defendants/Counter-Plaintiffs Turbett Surgical, LLC and Turbett Surgical, Inc. (collectively, "Defendants" or "Turbett Surgical") submit this letter brief in support of their position regarding Issues 1-3, as set forth in the parties' joint letter dated May 27, 2021.

### 1. Progressive/PMBS Have Improperly Redacted Non-Privileged Content From Third-Party Document Productions.

The parties are direct competitors and offer products used to load, store, and transport multiple trays of surgical instruments between a hospital's sterilization device and the operating room. In September 2020, the parties negotiated and agreed to a Stipulated Confidentiality Order to protect the disclosure of sensitive non-privileged information in this case. D.I. 81. Paragraph 2 of the Confidentiality Order includes heightened protection for competitively sensitive information: "Any party to this litigation and any third party may designate as 'Attorneys' Eyes Only' and subject to this Order any Material that contains highly sensitive business, technical, or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party." *Id.* The parties and third parties have liberally availed themselves of this provision to mark as Attorneys' Eyes Only (or "AEO") much of the materials they have provided in discovery. Pursuant to the Confidentiality Order, a party does not have access to another party's or third party's documents and information marked AEO.[1]

Notwithstanding the Confidentiality Order's AEO provision, Plaintiff/Counter-Defendant Progressive Sterilization, LLC ("Progressive") and Counter-Defendant PMBS, LLC ("PMBS") have insisted on reviewing certain third-party subpoena recipients' responsive documents and redacting certain non-privileged content in these third-party documents prior to their production to Defendants. Progressive/PMBS have relied on Federal Rule of Civil Procedure 45(d)(3)(B)(i) as the basis for their redactions and have asserted that the redactions are necessary to protect "highly confidential and commercially valuable business information, in which Progressive and PMBS have a personal stake." *E.g.*, Ex. A, B, C, D, E, F.

Rule 45(d)(3)(B)(i) relates to a Court's ability to quash or modify a subpoena in response to a timely *motion to quash* where the subpoena requires disclosure of a trade secret or other confidential commercial information. Rule 45(d)(3)(B)(i) has no application here, however, where Progressive/PMBS have made no motion to quash or modify any subpoena and where a Confidentiality Order is already in place to protect trade secret and confidential information.

Defendants have objected generally to this practice of redacting that Progressive/PMBS have unilaterally exercised since February 2021. *E.g.*, Ex. A, B. Defendants also have identified specific redactions applied by Progressive/PMBS and questioned the basis for the redactions. *E.g.*, Ex. F, G, H.[2] Progressive/PMBS have responded with vague explanations that the redacted information consists of "specific phrases referring to the underlying method and materials used

---

[1] In addition to the Confidentiality Order protections, the parties separately agreed that any third-party document production will automatically be treated as AEO for a period of 14 days, even if the producing party did not designate it as such. The 14-day period gives the parties an opportunity to designate all or part of the third-party production as Confidential or AEO.

[2] A few examples of specific redactions that Defendants challenged are attached as Exhibits I, J, K, L, M.

The Honorable Christopher J. Burke  June 4, 2021
PUBLIC VERSION June 11, 2021  Page 2

to perform the Simulation Studies," or "product development or design changes that are not in production or otherwise being offered for sale." Ex. F, G, H.

Defendants seek an Order requiring the removal of Progressive/PMBS's redactions applied to third-party documents. The AEO designation is sufficient to protect the parties' interests. Defendants also ask that the Court award them their fees and costs incurred in connection with addressing the redaction issue with Progressive/PMBS's counsel, challenging the improper redactions, and bringing this motion.

> 2. **Progressive/PMBS Have Wrongly Refused To Produce Their Communications With Subpoena Recipients Concerning The Substance Of These Third Parties' Responses To Subpoenas.**

As written, Defendants' RFP No. 109 calls for the production of communications that Progressive/PMBS (or their representatives or attorneys) have had since January 1, 2019 with any of the subpoena recipients (or their representatives or attorneys) "relating to this Action or the subpoena, Robert Turbett, Turbett Surgical, the Patents-in-Suit, and/or [Progressive/PMBS's] business." Through the meet and confer process, RFP No. 109 has been narrowed and modified. Progressive/PMBS have agreed to produce responsive post-January 1, 2019 communications with subpoena recipients relating to this Action, Robert Turbett, Turbett Surgical, and the Patents-in-Suit. Progressive/PMBS refuse, however, to produce post-January 1, 2019 Communications with subpoena recipients relating to the substance of the response to the subpoena. *See* Ex. N, O, P, Q.

Given Progressive/PMBS's intervention in the pre-production review and redaction of third-party documents, as well as their service of "objections" to several of the document subpoenas,[3] they should provide any communications that they had with these third parties concerning the substance of these third parties' subpoena responses. Such communications are not privileged or otherwise protected from disclosure. Defendants are entitled to know whether the subpoena recipients were advised by Progressive/PMBS to withhold certain documents from production, for example, or otherwise influenced by Progressive/PMBS in connection with their production of documents or future testimony in this case. Notably, most of the subpoena recipients were previously disclosed by Progressive/PMBS as individuals or entities likely to have discoverable information that they may use to support their claims or defenses. Ex. BB, CC.

Defendants seek an Order compelling Progressive/PMBS to produce communications responsive to RFP 109 as narrowed and modified, including the production of communications with subpoena recipients relating to the substance of the response.

---

[3] Pursuant to Rule 45(d)(2)(B), "a person commanded to produce documents or tangible things," i.e., the subpoena recipient, "may serve … a written objection." Rule 45 does not permit "parties" to serve "written objections" to subpoenas, but Progressive/PMBS did just that on multiple occasions in an apparent effort to influence the subpoena recipients' responses. D.I. 126, 127, 131, 133, and 135. Two examples of Progressive/PMBS's "objections" are attached as Exhibits II and JJ.

The Honorable Christopher J. Burke                                                      June 4, 2021
PUBLIC VERSION June 11, 2021                                                                            Page 3

      **3.**       **Progressive Has Improperly Refused To Identify Its Communications With Certain Third Parties That Are Negative, Critical, or Disparaging of Turbett Surgical, Robert Turbett, or Turbett Surgical's Products.**

      Through the meet and confer process, Turbett Surgical agreed to narrow its Interrogatory No. 7 to the following subject matter, for the period January 1, 2016 to present: "Identify all Communications that you or those acting on your behalf (including but not limited to PMBS, Michele Mauzerall, Maryellen Keenan, and your attorneys) have had with customers, potential customers, your sales representatives and sales team, your distribution partners (including but not limited to Steris-IMS and Joe Savoy), your regulatory consultants, your marketing consultants (including but not limited to Hank Balch and Beyond Clean), and any governmental or regulatory entities (including but not limited to FDA and U.S. Department of Justice) regarding the following subject matter: (i) this lawsuit, (ii) Turbett Surgical's alleged infringement of your patents, or (iii) other communications that are negative, critical, or disparaging of Robert Turbett, Turbett Surgical, or Turbett Surgical's products." Ex. P.[4]

      Progressive has agreed to respond to much of the interrogatory as modified, but objects to the inclusion of its "regulatory consultants" and seeks to alter subpart (iii) to apply only to "other communications that are negative, critical, or disparaging of <u>the safety or performance of Turbett Surgical's products</u>." Ex. Q. In other words, Progressive objects to identifying its communications with the listed third parties that are negative, critical or disparaging of Robert Turbett, Turbett Surgical, and, in part, Turbett Surgical's products.



      Progressive's disparaging, negative, or critical communications about Turbett Surgical, Mr. Turbett, or Turbett Surgical's products are relevant to Turbett Surgical's counterclaims for tortious interference, unfair competition, and, potentially, abuse of process. Defendants seek an Order compelling Progressive to respond to Interrogatory No. 7 as modified in the manner set forth in Exhibit P.

                                                                           Respectfully,

                                                                           */s/ Stephanie E. O'Byrne*

                                                                           Stephanie E. O'Byrne

---

[4] Interrogatory No. 7 and Progressive's response are attached as Exhibits GG and HH.

[5] At the conclusion of this case, Defendants intend to move for attorneys' fees and costs incurred in connection with defending against the knowingly time-barred claims that Progressive brought.

The Honorable Christopher J. Burke  June 4, 2021
PUBLIC VERSION June 11, 2021  Page 4

SEO:nmt/7233177/49228

Enclosures
cc: Clerk of Court (via hand delivery)
    Counsel of Record (via electronic mail)