# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROGRESSIVE STERILIZATION, LLC, a Florida Limited Liability Company, | C. A. No: 19-627-CFC-CJB |
| Plaintiff, | **Filed Under Seal** |
| v. | PUBLIC VERSION |
| TURBETT SURGICAL LLC, a Delaware Limited Liability Company, TURBETT SURGICAL, INC., a Delaware corporation, and ROBERT TURBETT, individually | |
| Defendants. | |
| TURBETT SURGICAL LLC and TURBETT SURGICAL, INC., | |
| Counter-Plaintiffs, | |
| v. | |
| PROGRESSIVE STERILIZATION, LLC and PMBS, LLC, | |
| Counter-Defendants. | |

## PLAINTIFF'S ANSWERING LETTER BRIEF TO MAGISTRATE JUDGE BURKE RE: DEFENDANTS' LETTER (D.I. 184)

OF COUNSEL:
David C. Bohrer (*pro hac vice*)
Francois deVilliers (*pro hac vice*)
Rachel Thomas (*pro hac vice*)
Robert Payne (*pro hac vice)*
GREENFIELD LLP
55 S. Market Street, #1500
San Jose, CA 95113
dbohrer@greenfieldlaw.com
Phone: (408) 995-5600

June 10, 2021

Patricia Rogowski (Del. Bar No. 2632)
ROGOWSKI LAW LLC
501 Silverside Road, Suite 11
Silverside Carr Executive Center
Wilmington, DE 19809
pat@rogowskilaw.com
Phone: (302) 893-0048

*Attorneys for Plaintiff, Counter-Defendant and Reply-Plaintiff Progressive Sterilization, LLC and Counter-Defendant and Reply-Plaintiff PMBS, LLC*

Dear Judge Burke:

      In accordance with the Court's Oral Order (D.I. 175), Progressive and PMBS answer Turbett Surgical's letter to Your Honor (D.I. 184).

      1.    **Redactions to documents produced by 5 consultants or business partners:** Progressive and PMBS seek protection against the irreparable harm to their businesses that would result from the disclosure of commercially sensitive information produced in response to subpoenas for records served on PMBS's current FDA consultant (Annette Hillring), current marketing consultant (Beyond Clean), prior business partner (Steris), current testing laboratory (Highpower), and current distributor and sales representative (Joseph Savoy). Ex. 1, ¶¶3-7

      Defendants' vague description of these recipients in its letter as "certain third-party recipients"[1] self-servingly sidesteps highly material facts regarding the existence and nature of the business relationships between these third parties and Progressive and PMBS. Each of these third parties has written agreements with PMBS requiring them to maintain the confidentiality of their work and related communications. *Id.* Ex. 1A-1E.

      Representative of the broad requests made in the subpoenas directed to these recipients: "[a]ll Communications between [Hillring, Savoy, Highpower, Steris, Beyond Clean] and [Keenan, Mauzerall, PMBS, Progressive] relating to Mobile Sterilization Systems' dry time, the FDA clearance and/or 510(k) submission process and requirements . . . ." Ex. II, JJ. The information produced in response encompassed confidential information and trade secrets on product designs that are not in production or offered for sale, studies and test methods unrelated to any claim in the case, and opinions on regulatory requirements applicable to sales outside of the US. Exs A, at 3; B, at 2; C, at 1; D, at 1; E, at 1. Ex. 1, ¶¶8-10.The AEO designation alone is wholly inadequate to protect Progressive's and PMBS's interests due to the extreme prejudice to them should any disclosure of this information occur, whether inadvertent or not. *Id*. The potential harm from any such disclosure is even higher in view of the Defendants' acknowledgment that Turbett Surgical is a "direct competitor" in the nascent market for mobile systems for sterilizing multiple trays of surgical instruments. *Verisign, Inc. v. XYZ.com, LLC*, 2015 U.S. LEXIS 162772, at *11 (D. Del. Dec. 4, 2015) ("Disclosure to a competitor is presumptively more harmful than disclosure to a non-competitor.").

      Turbett Surgical does not argue that the redacted material is necessary or relevant to the case, or that the redactions have prejudiced its discovery in any way. Moreover, all five subpoena recipients were represented by outside counsel; all five recipients produced responsive documents and four of them, through their outside counsel, served written responses and objections. Ex. 2, Ex. 2A Turbett Surgical has not challenged the objections nor has it made any argument that the documents produced are not fully responsive to the document requests.

---

[1] The five third-party subpoenas at issue and the limited number of redactions on the limited number of pages of documents produced by the recipients constitute a very small portion of Turbett Surgical's third-party discovery -- 20 subpoenas for records whose recipients have produced over 33,000 pages of documents. Ex. 2, Ex. 2A summary.

Progressive and PMBS have standing to object to the subpoenas as they claim some "personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty." *Princeton Digital Image Corp. v. Ubisoft Entm't SA*, 2018 U.S. Dist. LEXIS 66802, at *8 n.5 (D. Del. Apr. 20, 2018), *citing Jones v. Crisis Intervention Servs.*, 239 F. Supp. 3d 795, 801 (D. Del. 2017); Fed. R. Civ. P. 45(d)(3)(B)(i).

Defendants don't challenge Plaintiff's standing to object to the subpoenas. Their sole argument is that Progressive and PMBS have not moved to quash or modify the subpoenas. However, facing five subpoenas issued to business partners located in Florida, Alabama, Texas, New York and Pennsylvania (any motion to quash or modify would have to be made in the first instance to the "compliance" courts located in these jurisdictions), Plaintiff chose to make timely and transparent objections, and timely proposed redactions, allowing discovery to proceed while minimizing the time and expense incurred by the affected third-parties.[2] The court has the discretion to resolve this dispute in its current posture by denying the Defendants' motion to remove the redactions. Alternatively, if the court deems it necessary, Plaintiff seeks leave to bring a motion for protective order pursuant to Rules 26(c) and 45(d)(3)(B).

2. **Fishing expedition via RFP 109:** Progressive and PMBS have produced 73,182 pages of documents in response to 113 document requests propounded by Turbett Surgical. Progressive and PMBS have not refused to produce documents responsive to RFP 109. To the contrary, in the interest of mutual compromise they've agreed to produce responsive documents "limited" to the incredibly broad subject matter of all Communications with the 20 companies or persons on whom Turbett Surgical has served subpoenas relating generally to this Action, Robert Turbett individually, Turbett Surgical and the Patents-in-Suit.

Yet Turbett Surgical wants to further expand the request to include communications by Progressive, PMBS and its counsel regarding "the substance of the response to the subpoena." This is a wholly inappropriate fishing expedition for evidence to bolster Turbett's insinuation that Progressive and PMBS caused the third parties to inappropriately limit of scope of their production. Progressive and PMBS strongly deny any such conduct. There are no claims pled in this case regarding such conduct. Nor is there any evidence that the accusations are true. Notably, Turbett Surgical is not challenging the written objections or completeness of the documents produced by any of its subpoena recipients.

Turbett Surgical attempts to recast legitimate attempts by Progressive and PMBS to protect improper third-party discovery directed to matters of personal right or privilege. In a small number of instances involving the discovery of their business vendors or partners, Progressive and PMBS objected in writing, making sure to properly serve and notice Turbett Surgical. As stated by outside counsel for Hillring in response to Turbett Surgical's accusations: "I want to clear that record that HAI/Hillring have not alleged any 'improper interference, delay,

---

[2] In each instance, the subpoena recipient, on its own, collected, reviewed and prepared a "pre-production" set of documents that it deemed responsive to the Defendants' subpoena. Progressive and PMBS then reviewed the "pre-production" set to identify and request specific redactions. They never excluded any documents to be produced from the pre-production set, nor did they ask the subpoena recipient to do so.

or other alleged misconduct in connection with this discovery' by Plaintiffs or its counsel." Ex. A, at 2.

The proposed expansion of RFP 109 should be denied. *Tessara, Inc. v. Broadcom Corp.*, 2017 U.S. Dist. LEXIS 178929, at *4 (D. Del. Oct. 24, 2017) ("[R]equested information is not relevant . . . if the inquiry is based on the party's mere suspicion or speculation.") (citations omitted).

3. **Narrowing scope of Interrogatory 7:** Here again Progressive and PMBS are not refusing to answer the interrogatory and they have for purposes of reaching a compromise agreed to respond to a very broad subject matter. Ex. Q, at 2. The principal problem is that Progressive and PMBS cannot reasonably be expected to comply with an interrogatory requiring that it "identify" in a sworn statement all communications that Turbett Surgical may deem "negative," "critical" or "disparaging" of Mr. Turbett or Turbett Surgical. This is unduly burdensome and not properly tailored to the state law counterclaims currently pled by Turbett Surgical. This discovery has not been shown by Turbett Surgical to be proportional to the needs of the case as is required by Rule 26(b)(1), particularly in view of the document requests propounded by Turbett Surgical on the same or similar subject matter, including the aforementioned RFP 109, but also RFPs 9, 25, 26, 27, 28, 31, 47 - 50, 57 – 62, 66, 86, and 90, see Ex. 3, and 104 – 106, see Ex. N.

Now is not the time to determine the legality of any legal claim by Defendants based on alleged efforts to "stop Turbett." Progressive and PMBS deny the characterizations of the documents and their alleged legal effect, and note that Turbett Surgical currently purports to have an abundance of documents allegedly supporting its state law counterclaims.

Turbett Surgical's gratuitous reference to the voluntary dismissal of trade secret claims adds nothing to this discussion. Contrary to the accusations, new information came to light in the course of discovery that prevented Progressive from continuing due to potential lack of timeliness. Progressive timely dismissed the claims within approximately 60 days after the new information came to light. D.I. 120, 121. Progressive and its counsel deny knowingly filing time-barred claims. Progressive also remains convinced of the substantive merits of its trade secret claims as evidenced by Progressive's identification of specific and material trade secrets (Ex. 4), and its demonstration of Mr. Turbett's and Turbett Surgical's access to these secrets, the reasonable efforts by AmMed and its successors Progressive and PMBS to maintain their secrecy, and the independent economic value the secrets derived from having been kept secret (Ex. 5 at 8-16).

The order requested by Turbett Surgical should be denied in its entirety.

Respectfully submitted,

Dated: June 10, 2021                    By:   */s/ Patricia S. Rogowski*
                                        Patricia Rogowski (Del. Bar No. 2632)
                                        ROGOWSKI LAW LLC

cc: Counsel of Record (by CM/ECF and e-mail with Exhibits)

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on June 10, 2021 she caused the foregoing to be served by electronic mail on counsel of record.

/s/ Patricia S. Rogowski
Patricia Rogowski (Del. Bar No. 2632)
ROGOWSKI LAW LLC
501 Silverside Road, Suite 11
Silverside Carr Executive Center
Wilmington, DE 19809
Phone: (302) 893-0048
pat@rogowskilaw.com

Attorney for Progressive Sterilization, LLC
and PMBS, LLC